IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELONEY WRIGHT, et al.,

                Plaintiff,                Case No. 3:07 oe 40423

-vs-

                                          MEMORANDUM OPINION

ORTHO-MCNEIL CORPORATION, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendants' motion for summary judgment as to Plaintiffs Veronique Peters and Donny Peters. Also before the Court are Plaintiffs' opposition, Defendants' reply as well as an affidavit in support by Plaintiffs' expert, as to causation. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately,

this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants seek summary judgment as the evidence does not demonstrate Plaintiff Veronique Peters had used ORTHO EVRA® for at least ten months prior to her clotting event. In response to the Court's Order, Plaintiffs filed the affidavit of Dr. Stephen Byron Shohet, M.D. (Doc. No. 31), to buttress their opposition to the summary judgment motion. Dr. Shohet opines that Ms. Peters was still using the patch during the early weeks of her pregnancy. Moreover, he avers that the use of the patch was the contributing cause of her pulmonary emboli and resulting treatment. He also contends that "symptoms of a pulmonary embolus depend on the extent that the pulmonary artery is blocked and on the patient's overall health." *Id*. at ¶ 22.

As Dr. Shohet's affidavit presents a material and divergent view on the issue of causation, at this juncture of the proceedings, the Defendants' motion for summary judgment will be denied.

### CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment (Doc. No. 4) as to Plaintiffs Veronique Peters and Donny Peters, is denied.

IT IS SO ORDERED.

   s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE